IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRITAN TOLLIVER, *et al.*,

    Plaintiffs,

                                                                  Civil Action 2:20-cv-3790

    v.                                                  Judge Michael H. Watson
                                                        Magistrate Judge Elizabeth P. Deavers

ABUELO'S INTERNATIONAL,
LP, *et al.*,

    Defendants.

    and

BRITAN TOLLIVER, *et al.*,

    Plaintiffs,                              Miscellaneous Case 2:21-mc-0022
    v.

                                                  Judge Michael H. Watson
ABUELO'S INTERNATIONAL, LP,      Magistrate Judge Elizabeth P. Deavers
*et al.*,

## ORDER

    These matters are before the Court on motions to quash a subpoena issued to non-party Shag and Cat Investments, LLC d/b/a Lubbock File Room located at 510 34th Street, Lubbock, TX 79404. For the following reasons, the subpoena is **QUASHED**.

**I.**

    Briefly, on July 28, 2020, Plaintiffs filed Case No. 2:20-cv-3790 asserting violations of the Fair Labor Standards Act and other state and federal statutes, arising from Defendants' alleged operation of an unlawful mandatory tip pool sharing arrangement. As Plaintiffs acknowledge, this

case "follows approximately 36 other cases where similarly situated Ohio plaintiffs brought similar or identical claims against Abuelo's." (Case No. 2:21-mc-0022 (ECF No. 4 at 1.)) Indeed, this is the twenty-first case filed in this Court and the nineteenth assigned to this Magistrate Judge. A review of the Court's docket reveals that between 2012 and 2017, twenty cases were filed in the Southern District of Ohio.[1]

On February 25, 2021, Plaintiffs served a subpoena on Lubbock File Room seeking to inspect and copy certain original hard copy native business records maintained by Abuelo's at the offsite long-term storage facility. On March 11, 2021, Defendants, asserting their right or privilege as the sole owner of the documents requested, filed a motion to quash in this Court. Plaintiffs responded to this motion, contending in part, that a motion to quash was required to be filed in the Northern District of Texas, the district where compliance is required. In reply, Defendants represented that Lubbock File Room had filed a motion to quash in the Northern District of Texas and would be moving to transfer the motion to this Court. Accordingly, Defendants requested that the Court hold their motion to quash in abeyance pending transfer.[2]

Consistent with Defendants' representations, Lubbock File Room had filed a motion to quash in the United States District Court for the Northern District of Texas on March 12, 2021 (Case No. 2:21-mc-0022 (ECF No. 1) and consented to the transfer of the motion to this Court in its Reply filed on April 19, 2021. (*Id*. (ECF No. 5.)) On June 9, 2021, Magistrate Judge D. Gordon Bryant, Jr. of the Northern District of Texas granted the motion to transfer. (*Id*. (ECF

---

[1] The Court notes that Attorney Wesley Trenton Fortune was designated as lead counsel in all twenty of the previous cases. The Court further notes that Mr. Fortune does not *appear* as counsel of record in the cases at issue here. However, Mr. Fortune, Mr, Hallowes, and Mr. Perko frequently appear as co-counsel in various proceedings filed in the Southern District of Ohio. *See, e.g*., Case Nos. 1:20-cv-526; 1:21-cv-434; 2:20-cv-1275; 2:20-cv-2954; and 2:21-cv-3829.
[2] The Court did not issue an Order formally holding Defendants' motion to quash in abeyance. However, the motion remained pending and will be considered to the extent relevant here.

No. 13)). On June 16, 2021, the transferred case was docketed in this Court as Case No. 2:21-mc-0022. (*Id*. (ECF No. 14.))

## II.

The issue presented here is straightforward and its resolution does not require much discussion. The subpoena at issue seeks:

> Abuelo's Restaurant Store #621 daily cash bags and related content, including, but not limited to, hourly labor reports, hourly sales report, Credit Card/CC/EDC reports, Server Checkouts/Cashouts, Credit Card Receipts, Guest Receipts, Daily Labor reports, Daily Sales reports, Payment Detail reports, Daily Tip Share Reports, and bank deposit slips from January 1, 2017 through December 31, 2019.

Lubbock File Room contends, in part, that, as a non-party, it should not be subjected to the burden of producing documents that are otherwise obtainable from Defendants. The Court agrees.

Pursuant to Rule 26(b)(2)(C)(i), the court must limit the scope of discovery if it determines that the discovery is unreasonably cumulative or duplicative or that it can be obtained from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). This principle has been cited routinely by courts in this circuit in granting motions to quash under the circumstances presented here. For example, in *Baumer v. Schmidt*, 423 F. Supp. 3d 393 (E.D. Mich. 2019), the court explained:

> Under this principle, courts in this circuit have repeatedly denied motions to compel discovery and quashed subpoenas directed to non-parties where the discovery sought was obtainable from a party to the litigation. *See Vamplew v. Wayne State University Bd. Of Governors*, No. 12-14561, 2013 WL 3188879, at *4 (E.D. Mich. June 20, 2013) (subpoena for production of emails from non-party quashed because request was overbroad and information sought could be obtained from party to litigation); *Versata Software v. Internet Brands, Inc.*, No. 11-mc-50844, 2011 WL 4905665, at *2 (E.D. Mich. Oct. 14, 2011) (Majzoub, M.J.) (quashing subpoena where Court was not persuaded that the information sought by plaintiff could not be more readily obtained from defendant or other less burdensome sources); *Versata Software v. Internet Brands, Inc.*, No. 11-mc-50846, 2011 WL 4905691, at *2 (E.D. Mich. Oct. 14, 2011) (Majzoub, M.J.) (same); *Seven Bros. Painting, Inc. v. Painters & Allied Trades Dist. Council No. 22*, No. 09-12506, 2010 WL 11545174, at *3 (E.D. Mich. June 7, 2010) (quashing subpoenas where plaintiff

made no showing that it could not obtain relevant information from other sources, including the defendant, or that it had exhausted other, less burdensome, avenues of discovery); *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 2:09-mc-50356, 2009 WL 1543451, at *2 (E.D. Mich. June 2, 2009); *In re CareSource Mgmt. Grp. Co.*, 289 F.R.D. 251, 253-54 (S.D. Ohio 2013) (refusing to impose on non-party the burden of producing documents that were apparently available to plaintiff from its party-opponent) (citing *Musarra v. Digital Dish, Inc.*, No. 2:05-CV-545, 2008 WL 4758699, at *3-4 (S.D. Ohio Oct. 30, 2008) (same)); *Recycled Paper Greetings, Inc. v. Davis*, No. 1:08-MC-13, 2008 WL 440458, at *4-5 (N.D. Ohio Feb. 13, 2008) (granting a motion to quash subpoena, in part, because the majority of the relevant documents could have or had been produced by a party to the litigation)); *Cleveland Clinic Health Sys.-E. Region v. Innovative Placements, Inc.*, No. 1:11-CV-2074, 2012 WL 187979, at *2 (N.D. Ohio Jan. 23, 2012) (granting motion to quash where defendants had another viable means – the plaintiff – to obtain the many of documents that they requested from non-party) (citing *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (holding that the district court properly required the defendant "to seek discovery from its party opponent before burdening the nonparty")).

*Id*. at 408–09.

Further, in *Raymond James & Assocs., Inc. v. 50 N. Front St. TN, LLC*, No. 18-CV-2104-JTF-TMP, 2018 WL 6528192 (W.D. Tenn. Sept. 10, 2018), the court stated:

> "To determine whether production poses an undue burden, the court should consider the burden placed on the producing party, as well as the necessity of the information for the party seeking production, and *whether the information can be obtained from more convenient sources.*" *Allen v. Howmedica Leibinger, GmhH*, 190 F.R.D. 518, 525 (W.D. Tenn.1999)(emphasis added).
>
>> In making this determination, numerous courts have quashed subpoenas issued to non-parties when the requesting parties could have obtained the documents from other parties. *See Haworth, Inc. v. Herman Miller, Inc*., 998 F.2d 975, 978 (Fed. Cir. 1993) ("Consistent with this authority, the district court could properly require Herman Miller to seek discovery from its party opponent before burdening the nonparty Allsteel with this ancillary proceeding."); *Rocky Mountain Medical Mgmt., LLC v. LHP Hosp. Grp., Inc.,* No. 4:13-CV-00064, 2013 WL 6446704, at *4 (D. Idaho Dec. 9, 2013) ("A court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation."); *Precourt v. Fairbank Reconstruction Corp.,* 280 F.R.D. 462, 467 (D.S.D. 2011) ("If the party seeking the information can easily obtain the same information without burdening the nonparty, the court will quash the subpoena."); *Arthrex, Inc. v. Parcus Medical, LLC*, No. 2:10-civ-151, 2011 WL 6415540, at *6 (S.D. Ind. Dec. 21, 2011) ("A party's ability to obtain

4

>documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same documents."); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Since plaintiffs have not shown they have attempted to obtain these documents from defendant, the Court finds that, at this time, requiring nonparty KSA toproduce these documents is an undue burden on nonparty KSA.").

*Id.* at *1.

Additionally, as discussed by the court in *Hale v. Bunce*, No. 1:16-CV-02967, 2017 WL 10978857 (N.D. Ohio Dec. 15, 2017):

>The leading treatises agree that although Rule 45 may apply to both parties and nonparties, resort to Rule 45 should not be allowed when it circumvents the requirements and protections of Rule 34 for the production of documents belonging to a party. "If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a nonparty witness." 8A Charles Alan Wright, et al., Federal Practice and Procedure § 2204 at 365 (2nd ed. 1994) (citing *Bada Co. v. Montgomery Ward & Co.*, 32 F.R.D. 208 (S.D. Cal. 1963) and *Overly v. Hall-Neal Furnace Co.*, 12 F.R.D. 112 (N.D. Ohio 1951)).
>
>*Stokes v. Xerox Corp.*, No. 05cv71683, 2006 WL 6686584 at *3 (E.D. Mich. Oct. 5, 2006); *accord Layman v. Junior Players Golf Acad., Inc.*, 314 F.R.D. 379, 385 (D.S.C. 2016); *In re CareSource Mgmt. Grp. Co.*, 289 F.R.D. 251, 254 (S.D. Ohio 2013) (finding that a party "must first establish that it cannot obtain the discoverable information from its party-opponent before subpoenaing those documents from a non-party."); *Musarra v. Digital Dish, Inc.*, No. 2:05cv545, 2008 WL 4758699 at *4 (S.D. Ohio Oct. 30, 2008) (declining to impose the burden of producing documents on a non-party that were presumably available from a party to the litigation). "Although discovery is by definition invasive, parties to a lawsuit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *United States v. Amerigroup Illinois, Inc.*, No. 02 C 6074, 2005 WL 3111972 at *5 (N.D. Ill. Oct. 21, 2005) (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ); *accord Med. Components, Inc. v. Classic Med., Inc.*, 210 F.R.D. 175, 180 (M.D.N.C. 2002) ("The current generally prevailing view is that the Court may first consider whether information should be obtained by direct discovery from a party, as opposed to from a non-party, and that the court should give special weight to the unwanted burden thrust upon non-parties when evaluating the balance of competing needs.").

*Id.* at *1–2.

Here, Defendants assert that they are the "sole owner of the documents requested by the Lubbock Subpeona [and] have retained Lubbock for the purpose of maintaining physical possession of some of their commercial records." (Case No. 2:20-cv-3790 (ECF No. 18 at 3-4.)) Plaintiffs do not dispute this contention, and the subpoena itself makes clear, that they are seeking documents belonging to Abuelo's.  They also readily admit that they have not sought the requested documents from Defendants. (ECF No. 19 at 7 "Abuelo's is correct that Plaintiffs have not sought the requested documents from them.")  They do not, however, offer serious arguments in defense of what appears to be a tactic designed to bypass Defendants.  For example, they argue that they are not required to first seek documents under Rule 34 but may use a subpoena to obtain discovery from parties and non-parties.  In support, they cite to a handful of authority from outside this Circuit which is neither binding on this Court nor particularly persuasive when balanced against the weight of authority highlighted above.  Moreover, their cited authority is hardly on point to the extent that it stands for the proposition that subpoenas under Rule 45 may be served on parties.  That simply is not the circumstance at issue here because Plaintiffs did not serve a subpoena on the Defendants in this case.  They also suggest that it does not matter from whom the documents were requested because the request is the same either way.  Further, they explain that they were seeking to avoid any objection that the request is duplicative of documents already produced.  Finally, they assert that because this case is still in the early discovery stages, their efforts cannot be viewed as an end-run around discovery requirements.  These latter arguments, some offered in an apparent attempt to distinguish this case from certain authority cited by Defendants, are obvious nonsense.

Beyond this, Plaintiffs argue that the motion to quash should be denied because the information they seek is relevant, their requests are not overbroad, and their requests do not seek

privileged information.  In light of the above discussion, these issues are completely beside the point.  Accordingly, the Court will not address any such issues at this time.

Finally, Plaintiffs have filed a motion to strike Lubbock File Room's reply in support of its motion to quash.  Plaintiffs argue that the reply was untimely, raises the issue of transfer for the first time, and relies on a sham affidavit.  The Court finds these arguments to be wholly without merit.  Moreover, the motion is moot to the extent it relates to the issue of transfer.  Accordingly, the motion is **DENIED.**

For these reasons, the Motion to Quash in Case No. 2:21-mc-0022 (ECF No. 1) is **GRANTED.**  The Motion to Quash in Case No. 2:21-cv-3790 (ECF No. 18) is **DENIED** as moot.  The Motion to Strike in Case No. 2:21-mc-22 (ECF No. 6) is **DENIED**.

**IT IS SO ORDERED.**

Date:  July 28, 2021  /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**