## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**BRITAN TOLLIVER,**

      **Plaintiff,**

                                    **Case No. 2:20-cv-3790**

    **vs.**                          **Judge Michael H. Watson**

                                    **Magistrate Judge Elizabeth P. Deavers**

**FOOD CONCEPTS INTERNATIONAL, LP,** *et al.,*

      **Defendants.**

### <u>ORDER</u>

Defendants have filed a motion for leave to file under seal unredacted versions of the Exhibits A and B to Defendants' Opposition to Plaintiffs' Notice of Withdrawal of Counsel and Notice of Substitution of Counsel. (ECF No. 43.)  Defendants already have filed their Opposition and redacted exhibits on the public record.  For the following reasons, the motion to seal is **GRANTED.**

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978).  A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition."  *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness").  Therefore, "[o]nly the most compelling reasons can

justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp.*, 825 F.3d at 305). If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id*. (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

Defendants explain that Exhibits A and B contain sensitive personal information regarding Plaintiff's counsel and that public disclosure of this information could potentially bring substantial harm to individuals associated with Plaintiffs' counsel. (ECF No. 43 at 1.)

2

Defendants state that the redactions involve one sentence in each exhibit and, as extremely minimal, do not substantively impact the merits of Defendants' opposition.  (*Id*. at 1-2.)

Based on these representations, the Court is satisfied that sealing is both warranted under the circumstances and appropriately limited in scope.  Accordingly, the motion for leave to file under seal (ECF No. 43) is **GRANTED.**  Defendants shall submit unredacted versions of Exhibits A and B to their Opposition (ECF No. 42) within seven days of the date of this Order. The Clerk shall maintain the unredacted exhibits under seal.

**IT IS SO ORDERED.**


DATED:  **February 18, 2022**

/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**