UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Britan Tolliver, *et al.*,

        Plaintiff,              Case No. 2:20-cv-3790

v.                                     Judge Michael H. Watson

Abuelo's International LP, *et al.*,      Magistrate Judge Vascura

        Defendants.

## OPINION AND ORDER

Defendants and Plaintiff Anna Stammen ("Stammen," collectively, the "Parties") jointly move for approval of their settlement in this Fair Labor Standards Act ("FLSA") case, which is in the form of an offer of judgment and an acceptance of the offer.[1] ECF No. 85. The Settlement[2] applies to only Stammen, not to any other plaintiff or a collective. *Id.* The motion does not provide any specifics about the net settlement amount, whether that net settlement includes attorney's fees, or what percentage of Stammen's alleged damages are covered by the settlement. *Id.*

---

[1] In September 2019, the Court ordered the parties to brief whether an acceptance of an offer of judgment in an FLSA case requires Court approval. ECF No. 77. As the parties point out, the case law is unclear on this issue. Mot. 2, ECF No. 85 (citing cases). However, the parties elected to seek Court approval of their settlement "in the interest of a legally sound and expedient resolution." *Id.* Because the parties now seek Court approval, a motion for such approval must provide the Court with adequate information for the Court to assess the fairness and reasonableness of the settlement.

[2] For ease of reference, the Court will refer to the exchange of an offer of judgment and the acceptance thereof as the "Settlement."

Nonetheless, Defendant's offer is attached to Stammen's notice of acceptance of judgment. *See* Offer, ECF No. 70. That offer represents that Stammen will receive $7,500.00 from Defendants, and that this figure does not include attorney's fees. *Id.* ¶ 1–2. Still, the offer does not explain what percentage of Stammen's alleged damages are covered by the $7,500.00. *See generally, id.*

To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same analysis to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted).

Without knowing how much of Stammen's alleged damages the offer covers, the Court cannot evaluate the fairness and reasonableness of the Parties' settlement, which the Court must do to approve an FLSA settlement.

*See Vigna*, No. 1:15-cv-51, 2016 WL 7034237, at *2–3 (S.D. Ohio Dec. 2, 2016) (explaining that a court must examine proposed FLSA settlements for "fairness" and "reasonableness" before approving the settlement (citing cases)). For example, recovery of $7,500.00 may be reasonable for a plaintiff who could, at most, recover $8,000 at trial but may be unreasonable if that plaintiff could expect to recover $50,000. Of course, there are times when a low rate of recovery may be fair and reasonable, but the parties should still justify their settlement. The parties have not done so here.

In sum, the Parties have not provided the Court with enough information to assess whether their settlement is fair and reasonable. Therefore, the Parties' motion for approval of settlement is **DENIED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate ECF No. 85.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**